UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

BOART LONGYEAR LTD., BOART
LONGYEAR GLOBAL HOLDCO, INC.,
LONGYEAR HOLDINGS, INC.,
RESOURCES SERVICES HOLDCO,
INC., and PROSONIC CORPORATION,

                Plaintiffs,

        - against -

ALLIANCE INDUSTRIES, INC. and
RUDOLPH JOHN LEHMAN,

                Defendants.

------------------------------------------------------- X

OPINION AND ORDER

12 Civ. 1346

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/12

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

        Boart Longyear Ltd., Boart Longyear Global Holdco, Inc., Longyear Holdings, Inc., Resources Services Holdco, Inc., and Prosonic Corporation (collectively, "Boart Longyear") bring this action against fellow signatories (Alliance Industries, Inc. and Rudolph John Lehman) to a Stock Purchase Agreement ("SPA"). The defendants moved to dismiss the plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and indemnification. I permitted the breach of contract and indemnification claims

1

to proceed (in part), but dismissed the breach of the implied covenant of good faith and fair dealing claim as redundant.  Boart Longyear now moves under Local Rule 6.3 for reconsideration of the dismissal of the breach of the implied covenant of good faith and fair dealing claim.  For the reasons set forth below, Boart Longyear's motion is denied.

## II.   BACKGROUND

The background to this motion is set forth in the June Opinion.[1]  I briefly add that, in the SPA, Boart Longyear purchased the proprietary technology and capital stock of Prosonic Corporation, an entity owned by Alliance Industries, Inc., whose sole shareholder is Lehman.[2]  Boart Longyear sought to protect the proprietary technology,[3] but alleges that Lehman kept backup files and used Prosonic documents purchased by Boart Longyear to develop a competing drill in violation of the SPA.[4]  Boart Longyear specifies that this information included, inter alia, market research data, testing results and data, technical specifications

---

[1]   *See Boart Longyear Ltd. v. Alliance Indus.*, No. 12 Civ. 1346, 2012 WL 2357197, at *1 (S.D.N.Y. June 20, 2012).

[2]   *See* Complaint ¶¶ 20–21.

[3]   *See id.* ¶ 27.

[4]   *See id.* ¶¶ 39–40.

and blue prints, and manufacturing techniques.[5]  In Count II of the Complaint, Boart Longyear alleged that "[defendants] breached their implied obligation to Boart Longyear of good faith and fair dealing under the Agreement by using the property sold to Boart Longyear . . . ."[6]

## III.   LEGAL STANDARD

### A.   Motion for Reconsideration

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[7]  A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[8]  A motion for reconsideration may also be granted to "'correct a clear error or prevent

---

[5]   *See id.* ¶ 38.

[6]   *Id.* ¶ 50.

[7]   *See Patterson v. U.S.*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[8]   *Jowers v. Family Dollar Stores, Inc.*, 455 Fed. App'x 100, 101 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

manifest injustice.'"[9]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[10] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[11] Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[12] A motion for reconsideration is not an

---

[9] *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[10] *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[11] *U.S. v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (citation and quotation marks omitted). *Accord Shrader*, 70 F.3d at 257 (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

[12] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

"opportunity for making new arguments that could have been previously advanced,"[13] nor is it a substitute for appeal.[14]

### B. Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true"[15] and "draw all reasonable inferences in the plaintiff's favor."[16]  On the other hand, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[17]  To survive a motion to dismiss, therefore, the allegations in the complaint must meet a standard of "plausibility."[18]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[13]   *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[14]   *See Grand Crossing*, 2008 WL 4525400, at *3.

[15]   *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009)).

[16]   *Ofori Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[17]   *Iqbal*, 556 U.S. at 678 (citation omitted).

[18]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  *Accord Iqbal*, 556 U.S. at 678.

defendant is liable for the misconduct alleged."[19]  Plausibility "is not akin to a probability requirement," rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[20]

In support of her claim, a plaintiff may allege "upon information and belief" facts that are "peculiarly within the possession and control of the defendant."[21]  Conversely, a plaintiff should not allege upon information and belief matters that are presumptively within her personal knowledge, unless she rebuts the presumption.[22]  Such matters include "'matters of public record or matters generally known in the community . . . inasmuch as everyone is held to be conversant with them.'"[23]

### C. Breach of the Implied Covenant of Good Faith and Fair Dealing

The covenant of good faith and fair dealing "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring

---

[19]   *Iqbal*, 556 U.S. at 678 (citation omitted).

[20]   *Id.* (quotation marks omitted).

[21]   *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).

[22]   *See Sanders v. Grenadier Realty, Inc.*, 367 Fed. App'x 173, 177 n.2 (2d Cir. 2010).

[23]   *Id.* (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1224, at 300–01 (3d ed. 2004)).

the right of the other party to receive the fruits of the contract."[24] The covenant is implied in every contract governed under New York law.[25] Accordingly, a "breach of the implied duty of good faith is considered a breach of the underlying contract."[26] For this reason, "a claim for breach of the implied covenant [of good faith and fair dealing] will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract."[27]

## IV. DISCUSSION

Boart Longyear asserts that its implied covenant of good faith and fair dealing claim (Count II) rests on a separate factual predicate than its breach of the SPA Non-Compete claim (Count I) — the retention of Boart Longyear's

---

[24] *511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (2002) (quotation marks and citation omitted).

[25] *See M/A-COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990).

[26] *Deutsche Bank Secs., Inc. v. Rhodes*, 578 F. Supp. 2d 652, 664 (S.D.N.Y. 2008) (citing *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002)).

[27] *ICD Holdings S.A. v. Frankel*, 976 F. Supp. 234, 243–44 (S.D.N.Y. 1997) (quotation marks and citation omitted).

property.[28]  In the June opinion, I found the claims duplicative[29] because Boart Longyear alleged that the property retained by defendants was used to develop drills that competed with Boart Longyear's.[30]  Defendants argue that allegations describing defendants' *use* of the retained materials to compete with plaintiffs render the claims duplicative.[31]

On reconsideration, I again conclude that defendants' continued *possession* and *use* of Boart Longyear's property, which it acquired from defendants in the SPA and which was used to breach the Non-Compete, does not provide an independent factual basis for Count II.[32]  Plaintiffs' distinction between possession and use is not compelling, where plaintiffs allege that the

---

[28]   *See* Plaintiffs' Memorandum of Law in Support of Motion for Reconsideration ("Pl. Mem."), at 4.

[29]   *See Boart Longyear*, 2012 WL 2357197, at *5.

[30]   *See* Complaint ¶¶ 39–40, 50.

[31]   *See* Defendants' Opposition to Motion for Reconsideration, at 3.

[32]   *See Fleisher v. Phoenix Life Ins. Co.*, — F. Supp. 2d — , No. 11 Civ. 8405, 2012 WL 1538357, at *7 (S.D.N.Y. May 2, 2012) (dismissing an implied covenant of good faith and fair dealing claim where the allegations were "not sufficiently distinct to avoid dismissal for redundancy" because "*the conduct alleged* [was] exactly the same as the charge of the express breach of contract claim.") (emphasis added); *BLD Prods., LLC v. Viacom, Inc.*, No. 10 Civ. 2625, 2011 WL 1327340, at *14 (S.D.N.Y. Mar. 31, 2011) (dismissing an implied covenant of good faith and fair dealing claim, which was based on the same conduct underlying a breach of contract claim).

retained documents were used solely to compete with Boart Longyear.[33]

While I have previously held that a duplicative implied covenant of good faith and fair dealing claim may stand as an alternative cause of action,[34] more recent Second Circuit case law indicates that dismissal for redundancy is the appropriate outcome here.[35]

## V. CONCLUSION

---

[33] *See* Complaint ¶¶ 36–39.

[34] *See Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*, 341 F. Supp. 2d 258, 272 (S.D.N.Y. 2004) ("[T]he Federal Rules explicitly permit a party to plead causes of action in the alternative, 'regardless of consistency.'") (quoting Fed. R. Civ. P. 8(d)(3)).

[35] *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 434 n.17 (2d Cir. 2011) (finding that a duplicative implied covenant of good faith and fair dealing claim should have been dismissed as redundant under New York law). *See also Matsumura v. Benihana Nat'l Corp.*, 465 Fed. App'x 23, 29 (2d Cir. 2012) ("Plaintiffs based their breach of good faith claim on the same operative facts as their breach of contract claim; accordingly, the District Court did not err in dismissing the former claim as duplicative of the latter."); *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."); *Emposimato v. CIFC Acquisition Corp.*, No. 601728/2008, 2011 WL 833801, at *11 (Sup. Ct. N.Y. Co. Mar. 7, 2011) ("A claim for breach of the implied covenant is, itself, a type of breach of contract claim. The distinguishing characteristic of a claim for breach of the implied covenant is merely that—while a claim for breach of contract may allege the breach of a contract term which is either express or implied—a claim for breach of the implied covenant alleges the breach of a contract term which is not express, but should be implied.").

For the foregoing reasons, Boart Longyear's motion for reconsideration is denied. The Clerk of the Court is directed to close this motion (Docket No. 19). A conference is scheduled for July 30, 2012, at 4:30 p.m. in Courtroom 15C.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         July 25, 2012

## - Appearances -

**For Plaintiffs:**

Alan M. Fisch, Esq.
Kaye Scholer LLP (DC)
901 Fifteenth Street, Suite 1100
Washington, DC 20005
(202) 682-3500

Robert R. Laurenzi, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000 ext. 7235

**For Defendants:**

Marc E. Bernstein, Esq.
Paul Hastings LLP (NY)
75 East 55th Street
New York, New York 10022
(212) 318-6907